UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL UTILITY SERVICE, INC. d/b/a/ NUS CONSULTING GROUP, | § § § § § § § § § § § § | Civil Action No. 3:18-CV-3142-X |
| *Plaintiff*, | | |
| v. | | |
| SINGULARITY, INC. d/b/a NATIONAL UTILITY CONSULTING, | | |
| *Defendant.* | | |

# MEMORANDUM OPINION AND ORDER

On November 28, 2018, National Utility Services, Inc. filed a complaint for trademark infringement against Singularity, Inc. The Court concludes that the Northern District of Texas is not the proper venue for this action, or that even if the Northern District of Texas is a proper venue it is not the best venue for this case. Barring any objections, the Court **TRANSFERS** this case to the Sherman Division of the U.S. District Court for the Eastern District of Texas. The Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by Friday, January 31, 2020.

I.

The Court finds that the Northern District of Texas is not a proper venue for this case, and that the Eastern District of Texas is. Therefore, the Court transfers venue under 28 U.S.C. § 1406(a).

1

A.

If a district court is not a proper venue for a civil action, it is authorized to *sua sponte* transfer a civil action to a district court that is a proper venue. Under 28 U.S.C. § 1406(a), a federal district court is authorized to transfer a "case laying venue in the wrong division" to "any district or division in which it could have been brought" if the court finds it is "in the interest of justice" to transfer the case.[1] A district court may raise the issue of venue *sua sponte* and has broad discretion in determining whether to transfer a case under section 1406(a).[2]

B.

To determine that this Court is not a proper venue for this case, the Court analyzes National Utility Service's failure to plead venue properly under 28 U.S.C. § 1391.

i.

Unless a plaintiff pleads venue specifically under another federal statute, 28 U.S.C. § 1391 is the statute that governs "the venue of all civil actions brought in district courts of the United States."[3] Under Section 1391(b), a judicial district is a proper venue in only three instances. First, a judicial district is a proper venue if within it "any defendant resides, if all defendants are residents of the State in which the district is located."[4] Second, a district is a proper venue if it is where "a

---

[1] 28 U.S.C. § 1406(a); *see Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)).

[2] *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

[3] 28 U.S.C. § 1391(a)(1).

[4] *Id.* § 1391(b)(1).

substantial part of the events or omissions giving rise to the claim occurred" or if it is where "a substantial part of the property that is the subject of the action is situated."[5] Third, a district is a proper venue if "any defendant is subject to the court's personal jurisdiction" regarding the civil action there and "there is no district in which an action may otherwise be brought as provided in this section."[6]

ii.

National Utility Service alleges that venue "is proper in [the Northern District of Texas] under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred . . . in this judicial district."[7] The Court finds that the defendant's residence and activities all took place outside the Northern District and in Plano, Texas.

According to the complaint, Singularity's corporation with its principal place of business at 5712 Garrett Drive, Plano, Texas 75093 resides in Plano, Texas, and because a substantial amount of the actions giving rise to this litigation are alleged to have occurred there, the Court concludes that the Eastern District of Texas is a proper venue for this action. Even if the Northern District of Texas may have personal jurisdiction over Singularity, Inc., the Court cannot base venue on Section 1391(b)(3) if another venue is already proper under Section 1391(b)(1) or (b)(2). And the Eastern District of Texas is a proper venue under either of these provisions.

---

[5] *Id.* § 1391(b)(2).

[6] *Id.* § 1391(b)(3).

[7] Plaintiff's *Complaint* ¶ 5 [Doc. No. 1].

3

II.

Even if the Northern District of Texas is a proper venue for this case, the Eastern District of Texas is a better venue. Therefore, if applicable, the Court transfers venue under 28 U.S.C. § 1404(a).

A.

Even if a district court is a proper venue for a civil action, it is authorized to *sua sponte* transfer a civil action to a district court that is a better venue for the case. Under 28 U.S.C. § 1404(a), a district court may "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[8] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[9] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[10] District courts analyze Section 1404(a) transfers with private- and public-interest factors:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-

---

[8] 28 U.S.C. § 1404(a); *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988))).

[9] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 60 (2013).

[10] *DSA Promotions, LLC v. Vonage Am., Inc.*, No. 3:17-CV-3055-D, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

4

interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[11]

Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[12]

B.

Assuming without deciding that the Northern District of Texas is a proper venue for this case—or that the parties have no forum selection clause that would make the Northern District of Texas the only proper venue—the Court uses private- and public-interest factors to determine that the Eastern District of Texas is a better venue for this case.

The Court first considers private-interest factors. First, Singularity conducts its business from Plano, Texas. Second, the activities that are the subject of this litigation are alleged to have taken place at the site of Singularity's principle place of business, in Plano.

The Court also considers public-interest factors. First, the Eastern District has an interest in having controversies stemming from activities in its district heard in its district. Second, the Eastern District is well equipped to handle disputes involving patents or trademarks. And third, the parties have provided no justification for why the Northern District of Texas is the better venue for this case.

---

[11] *Atl. Marine*, 571 U.S. at 62, n. 6 (internal citations omitted).

[12] *Mills*, 886 F.2d at 761 (quoting *Jarvis Christian Coll.,* 845 F.2d at 528).

5

Barring any objections, the Court determines that a transfer to the Eastern District of Texas is in the interest of justice.

III.

For these reasons, barring any objections, the Court **TRANSFERS** this case to the U.S. District Court for the Eastern District of Texas, Sherman Division. The Court **GRANTS LEAVE** to the parties to file briefing providing their objections, if any, by Friday, January 31, 2020.

**IT IS SO ORDERED** this 16th day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE